■ ITEK CORPORATION, Respondent, v. RCA CORPORATION, Appellant.— Order, Supreme Court, New York County, entered on December 3, 1971, denying defendant's motion to dismiss the complaint, pursuant to CPLR 3211 (subd. [a]), or for summary judgment, and granting plaintiff's cross motion for partial summary judgment dismissing the third and fourth affirmative defenses contained in the answer herein, unanimously reversed, on the law, defendant's motion for summary judgment dismissing the complaint granted, and plaintiff's cross motion denied. Appellant shall recover of respondent

$50 costs and disbursements of this appeal. The requirements of the Statute of Frauds of the State of California (Cal. Civ. Code, § 1624; Cal. Code of Civ. Pro., § 1971) were not satisfied by the " Memorandum of Understanding " between the parties, dated September 25, 1970, and the resolution passed by defendant's board of directors on October 7, 1970. That resolution, contrary to plaintiff's argument, does not constitute the signature of defendant, the party to be charged. (See Cal. Civ. Code, § 1624, subd. 4.) It does not refer to the September 25 memorandum, does not approve of any specific lease proposal, does not refer to the specific office space which is the subject of this litigation and does not even refer to the Stanford Industrial Park, but merely authorizes the leasing of office space in Palo Alto, California, for use by defendant's Computer Systems Division. The October 7 resolution can in no way be considered as the signature of the party to be charged or a ratification of anything contained in the Memorandum of Understanding since that memorandum was not before defendant's board when it acted on October 7, and, in fact, it appears that, as of that time, no officer or director of defendant had knowledge of the contents or even of the existence thereof. Concur — Stevens, P. J., McGivern, McNally and Capozzoli, JJ.